UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX R. WHITE, et al.<br>Individually And On Behalf of All Others<br>Similarly Situated,<br><br>          Plaintiff,<br><br>     - *against* -<br><br>LAWYER.COM, LLC,<br>a New York corporation, and<br><br>WORLD MEDIA GROUP, LLC<br>a New Jersey corporation,<br><br>          Defendants. | Jury Trial Demanded<br><br>Case No. 16-cv-6617 |

**CLASS ACTION COMPLAINT**

Plaintiff Alex R. White ("Plaintiff"), individually and on behalf of all others similarly situated, by and through counsel, brings this action against Defendants, Lawyer.com, LLC and its parent company, World Media Group, LLC, and states as follows:

**NATURE OF THE CASE**

1. Defendants operate and promote a website, Lawyer.com, that purports to draw thousands of visitors a day to match them with the "perfect lawyer."[1]

2. In furtherance of this objective, Lawyer.com states "[m]atching visitors to top lawyers is challenging. Lawyers are busy and don't have time for unqualified calls. Lawyers do not want to spend hours updating their profile information but do want a high quality presence online."[2]

---

[1] Lawyer.com, "About Us," available at https://www.lawyer.com/about-us/, last visited on August 15, 2016.
[2] *Id.*
[3] Lawyer.com offers a search function on its website that allows a user to enter the name, location, and practice area

3.      But instead of providing unbiased and/or objective information to the public, Lawyer.com instead publishes negative and misleading information about thousands of attorneys, with the majority of those attorneys receiving a low score and a grade of "F" on its website.[3]

4.      Some of the top lawyers and judges in the United States have "failing" grades and/or low scores according to Lawyer.com. For example, Supreme Court Justices Ruth Bader Ginsburg and Samuel Alito both have a "LawPoints" rating of 14 out of a possible 100 points, and a grade of "F" on Lawyer.com.  David Boies, chairman of Boies, Schiller & Flexner, has a score of 34, while famed trial lawyer Mark Lanier has a score of 29. Plaintiff White has a "LawPoints" rating of 17 and a letter grade of "D."

5.      In addition to publishing negative and misleading information about thousands of attorneys and judges via unauthorized profile pages on its website, Lawyer.com uses the profiles to sell paid advertising to third-party companies and services; enriching itself at the expense of lawyers who have not authorized the disclosure of their personal and professional information.

6.      Finally, and in addition to the above practices, Lawyer.com bombards attorneys with unsolicited emails from "potential clients" as part of its efforts to sell premium memberships on its website, which can cost hundreds of dollars a month. On information and belief, this practice results in dozens of unwanted emails being sent every month, and sometimes multiple times daily.

---

[3] Lawyer.com offers a search function on its website that allows a user to enter the name, location, and practice area of an attorney.

## PARTIES, JURISDICTION AND VENUE

**Plaintiff**

7. Plaintiff Alex R. White ("White") is a citizen and resident of Jefferson County, Kentucky, which is part of the Western District of Kentucky, Louisville Division, U.S. District Court.

8. Plaintiff White is the owner and sole member of Alex R. White Law, PLLC.

9. Plaintiff White is an attorney licensed to practice law in the Commonwealth of Kentucky, and represents plaintiffs in personal injury cases and other matters.

Defendants

10. Defendant Lawyer.com, LLC, ("Lawyer.com") is a New Jersey limited liability company headquartered in New Jersey at 90 Washington Valley Road, #1128, Bedminster, New Jersey, 07921.

11. Defendant Lawyer.com is authorized to conduct business and does conduct business throughout the State of New York.

12. Defendant Lawyer.com includes a provision in its Terms of Service stating that all claims brought against it must be brought under the exclusive jurisdiction of New York courts.[4]

13. Defendant World Media Group, LLC ("World Media") is a New Jersey corporation, with its principal place of business located at 90 Washington Valley Road, #1128, Bedminster, New Jersey, 07921.

14. Defendant World Media is authorized to conduct business and does conduct business throughout the State of New York.

---

[4] Terms of Use, available at https://www.lawyer.com/terms-of-use.php (last visited August 15, 2016).

15. At all times mentioned, each Defendant was the representative, agent, employee, joint venturer, or alter ego of each of the other entities and in doing the things alleged herein was acting within the scope of its authority as such. Specifically, each Defendant was but an instrumentality or conduit of the other in the prosecution of a single venture, namely the design, promotion, and supervision of the Lawyer.com website that is the subject of this litigation. Therefore, it would be inequitable for any Defendant to escape liability for an obligation incurred as much for that Defendant's benefit as for the other.

16. This Court has original jurisdiction under 28 U.S.C. § 1332 (a) (1) because the case is between citizens of different states (as described above) and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) (2), as a substantial part of the events and conduct giving rise to the claims occurred in this District.

**FACTUAL BACKGROUND**

18. Defendants operate and promote a website, Lawyer.com, that includes a directory of lawyers in New York, Kentucky, New Jersey, and many other states.

19. Defendants' website Lawyer.com claims to be the "#1 Lawyer Matching Service" and it allows users to conduct a free search for "top rated lawyers," by location, and in a variety of practice areas, including injury, criminal law, divorce, estate planning, and real estate.

20. Defendants claim that more than 7.2 million "potential clients" have visited Lawyer.com so far in 2016.[5] A premium membership for attorneys costs up to $299 a month, and a premium membership for a law firm costs up to $999 a month.

---

[5] https://www.lawyer.com/forlawyers/index (last visited August 19, 2016).

21. The advanced search function on Lawyer.com returns 20,541 attorneys in Kentucky, 64,068 lawyers in New Jersey, 187,951 attorneys in New York, and 1,925,718 attorneys on the site overall.

22. Defendants do not charge non-customer attorneys for profiles that are not linked to a paid subscription. Rather, on information and belief, Lawyer.com collects and publishes data on attorneys from public records and other sources such as bar admissions.

23. Defendants then earn revenue from selling paid advertising on the unauthorized profile pages of non-customer attorneys, and from subscription fees paid by attorneys with fee-based memberships.

24. As a result of its rating practice, which is heavily skewed toward lawyers with paid memberships, Lawyer.com promotes the names of attorneys and law firms based solely on how much money they have paid to Defendants, to the detriment of other attorneys, including Plaintiff White and members of the proposed class.

25. For example, a search for "car accident" lawyers within 10 miles of Louisville, Kentucky, yields 52 attorneys on Lawyer.com, of which just two lawyers have a rating of 50 or more "LawPoints" out of 100, and numerous lawyers with impeccable reputations and vast experience and knowledge have rankings of 40 or fewer "LawPoints" along with a letter grade of either "D" or "F" on the website.

26. Plaintiff White and other non-paying attorneys have not granted Lawyer.com permission to publish such negative information about them to their detriment, and have not granted Lawyer.com the right to use this negative information to sell paid advertising.

27.     The actions of Defendants with their publication of Lawyer.com cause damage to the reputations of Plaintiff White and other members of the proposed class, particularly in a profession that relies heavily on public opinion and reputation.

## CLASS ALLEGATIONS

28.     A class action is the proper form to bring Plaintiff's claims under the Federal Rules of Civil Procedure ("FRCP") Rule 23. The potential classes are so large that joinder of all members would be impracticable. Additionally: there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the proposed representative party will fairly and adequately protect the interests of the class.

29.     This action satisfies all of the elements for certification of a class under FRCP 23, including numerosity, commonality, typicality, adequacy, predominance, and superiority:

- a. **Numerosity**: the Class is so numerous that joinder of all members is impracticable. While the exact number is not known at this time, it is generally ascertainable by appropriate discovery. Using numbers published by Lawyer.com itself, the number of class members is easily in excess of 1,000,000.
- b. **Commonality:** the claims made by Plaintiff meet the commonality requirement because they present shared questions of law and fact, and resolving these questions will resolve the class wide litigation. These shared questions predominate over individual questions, and they include, without limitation:
    - i. Whether Plaintiff and members of the Class have entered into contracts with Defendant;
    - ii. Whether Plaintiff and members of the Class provided Defendants written consent to utilize their names and biographical information to advertise on Defendants website;

      iii. Whether such advertisements are in violation of New York's Right of Privacy Law, and/or common law right of privacy;

      iv. Whether Plaintiff and Members of the Class's businesses were negatively affected by the publicity attributed to the unlawful use of their names, and whether Defendant's business practices misappropriated the identity and likeness of Plaintiff and members of the proposed Class; and

      v. Whether Defendant's operations violate New York's civil law, and the laws of other states where class members practice.

c. **Typicality**: Plaintiff's claims are typical of those of the other Class members.

      i. Plaintiff, like every other Class member, was harmed by Defendants' website's "ratings," based on false and misleading advertisements, on unauthorized used of paid advertising, and on unsolicited emails that interfere with the practice of law for Plaintiff and members of the proposed class.

      ii. The claims of the proposed Class Representative Plaintiff are furthermore typical of other Class members because they make the same claims as other class members. Plaintiff has an interest in seeking compensation from Defendants and an interest in enjoining Defendants' harmful and unauthorized business practices.

d. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages he has suffered are typical of other Class members.

e. **Predominance**: Common issues of law and fact predominate over any potential individual issues in the litigation such that class action adjudication is the most practical and likely form to promote judicial economy.

f. **Superiority:** The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of class members to prosecute their common

claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain class members, who could not individually afford to litigate a complex claim against Defendants. Further, even for those class members who could afford to litigate such a claim, it would still be economically impractical.

30. The nature of this action and the nature of New York laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged. Without class adjudication of this case, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class member. Further, the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

31. The proposed class definition is described as follows:

> **"All Attorneys in the United States listed on Lawyer.com who did not provide written consent to Lawyer.com to utilize their name and biographical information for advertising purposes."**

32. Plaintiff reserves the right to modify or amend the definition of the proposed classes and to modify, amend or remove proposed subclasses, before the Court determines whether certification is appropriate and as the parties engage in discovery.

33. Plaintiff will fairly and adequately protect the interests of the class. The interests of the class representative are consistent with those of the other members of the class. In addition, Plaintiff is represented by experienced and able counsel with expertise in the areas of tort law, trial practice, and class action representation.

34. The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

35. Excluded from the Class are:

   a. Defendants and any entities in which Defendants have a controlling interest;
   b. Any entities in which Defendants' officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendants;
   c. The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;
   d. All persons or entities that properly execute and timely file a request for exclusion from the Class;
   e. Any attorneys representing the Plaintiff or the Class; and
   f. Any attorney with a paid membership to Lawyer.com.

## COUNT I
## RESTITUTION PURSUANT TO NY CLS Civ. R. § 51

36. Plaintiff, on behalf of himself and the proposed Class, repeats and realleges all preceding paragraphs as if fully set forth herein.

37. New York Civil Rights Law Article 5 and the subsequent rules thereunder ("CLS Civ. R.") deal with a person's right of privacy. *See* NY CLS Civ. R. § 50.

38. NY CLS Civ. R. § 51 creates a private right of action against whomever violates NY CLS Civ. R. § 50: "A person, firm or corporation that uses for advertising purposes, or for

the purposes of trade, the name, portrait, or picture of any living person without having first obtained the written consent of such person…is guilty of a misdemeanor."

39. NY CLS Civ. R. § 51 further provides:

> Any person whose name…is used within this state for advertising purposes…without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name…to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name…in such manner as is forbidden or declared to be unlawful by section fifty of this article, the jury, in its discretion, may award exemplary damages.

40. Defendants utilized the names and biographical history, including location, admissions, and practice areas of Plaintiff and members of the Class in order to generate new web pages on their Lawyer.com website.

41. Defendants use Plaintiff's and Class members' name and biographical information for a commercial purpose because Defendants use Plaintiff's and Class members' profile pages in order to sell advertisements and marketing space to other attorneys and advertisers on Plaintiff and Class members' profile page.

42. Plaintiff and Class members did not consent in writing to Defendant's creation of profile pages to be used to appropriate their identities.

43. Plaintiff and Class members did not consent in writing to Defendant's sale of advertising and other marketing on their profile pages that appropriate their likeness or for any commercial purpose.

44. Defendants profited from the use of Plaintiff and Class members names by generating profile pages for them and then selling the advertising space found on these pages to other attorneys and marketing companies.

45. Accordingly, under NY CLS Civ. R. § 51, Plaintiff and members of the Class are entitled to an injunction against Defendants from using their names for advertising purposes, restitution for damages caused to their reputation and businesses, and exemplary damages as permitted by statute.  Plaintiff and members of the Class are entitled to damages in the form of restitution for monies paid in connection with these void contracts over the course of the past four (4) years.

**COUNT II**
**VIOLATION OF NY GBL §§ 349 AND 350**
**On Behalf of a New York Class**

46. Plaintiff, on behalf of himself and the proposed New York Class, repeats and realleges all preceding paragraphs as if fully set forth herein.

47. Because Defendant, Lawyer.com, requires all actions to be brought under the laws of New York, and because it engages in the conduct of business in New York, New York General Business Law § 349 ("GBL § 349" or the "Deceptive Practice Act") is applicable.

48. Defendants' business practices, including the publishing of unauthorized information about lawyers in New York and elsewhere, as described herein, constitutes the "conduct of any trade or commerce" within the meaning of GBL §§ 349(a) and 350.

49. Defendants' advertisement of legal information and attorney information on their website and in their advertising to the general public, to Plaintiff and to the Class as described herein constitutes the "false advertising in the conduct of any business, trade or commerce" within the meaning of GBL § 350.

50. Defendants in the normal course of their business, designed, promoted, advertised and profited from unauthorized and negative information related to Plaintiff and the members of the Class.

51. Defendants affirmatively misrepresented the accuracy and truthfulness of the services they offer on Lawyer.com.

52. Plaintiff did not grant Lawyer.com permission to use his likeness, or his personal information, and certainly not a negative lawyer rating on Lawyer.com, and he was consequently damaged based on the misleading and false information published by Defendant, as did the putative Class of non-paying lawyers he seeks to represent.

53. The foregoing acts and conduct of Defendants are deceptive in that Defendants represented to consumers and the general public that the information on Lawyer.com was an accurate representation of the performance, quality, and reputation of Plaintiff and members of the proposed Class.

54. In falsely advertising and marketing the information on Lawyer.com as they did, Defendants violated New York and other state consumer protection statutes and/or false advertising statutes and/or state deceptive business practices statutes, and by these deceptive actions, Plaintiff and all members of the National Class were harmed.

55. By reason of such violations and pursuant to N.Y. Gen. Bus. Law § 349(a) and other consumer protection statutes, Plaintiff and members of the Proposed New York Class are entitled to recover all of the monies earned by Lawyer.com from their unauthorized profiles; any and all statutory damages; and to recover any and all consequential damages recoverable under the law including, but not limited to, reputational damages, lost time due to unsolicited marketing inquiries from Lawyer.com, loss of business revenue and other losses.

56. Plaintiff and members of the Class are consumers within the meaning of those laws.

57. As a direct and proximate result of Defendants' unfair and/or deceptive acts or practices, Plaintiff and Proposed National Class were damaged.

## COUNT III
## DEFAMATION

58. Plaintiff, on behalf of himself and the proposed Class, repeats and realleges all preceding paragraphs as if fully set forth herein.

59. The conduct complained of herein constitutes defamation, as it involves untruthful statements negligently published by Defendants without privilege or authorization that causes defamation of Plaintiff and members of the Class.

60. Defendants knew at the time of publishing a low "LawPoints" rating for Plaintiff and members of the Class, that the rating could be understood as a poor review of the abilities of Plaintiff and members of the Class and as such, is false and misleading.

61. As a result of the aforesaid defamation, Plaintiff and members of the Class sustained damages including, but not limited to, impairment of business reputation and standing in the community, and impairment of professional reputation as a member of Plaintiff's and member's of the class legal and business community.

62. The Defendants' actions and the detrimental impacts thereof constitute and are actionable as defamation.

## COUNT IV
## DECLARATORY JUDGMENT

63. Plaintiff, on behalf of himself and the proposed Class, repeats and realleges all preceding paragraphs as if fully set forth herein.

64. An actual and justiciable controversy exists between Defendants and Plaintiff and members of the Class.

65. Plaintiff and members of the proposed Class are entitled to a declaration from this Court that Defendants' conduct is unlawful and in violation of applicable laws as described herein, and that Defendants must immediately remove unauthorized and negative attorney profiles from their website.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the proposed Class pray for relief and judgment against Defendants, as follows:

a. For an order certifying the proposed class, appointing Plaintiff and their counsel to represent the proposed class and notice to the proposed class to be paid by Defendants;

b. For damages suffered by Plaintiff and the proposed class;

c. For injunctive relief requiring Defendants to cease and desist from engaging in the unlawful practices alleged in the Complaint;

d. An order awarding declaratory relief, retrospective and prospective injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and injunctive relief to remedy Defendants' past conduct;

e. For Plaintiff's reasonable attorneys' fees, as permitted by law;

f. For Plaintiff's costs incurred;

g. For pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded; and

h. For such other and further relief that this Court deems just and proper under equity or law, including the award of punitive damages.

**JURY DEMAND**

Plaintiff demands a trial by jury on all counts so triable.

Dated: Aug. 22, 2016         By:_____
                             Paul C. Whalen (PW1300)
                             LAW OFFICE OF PAUL C. WHALEN, P.C.
                             768 Plandome Road
                             Manhasset, NY 11030
                             (516) 426-6870 telephone
                             (212) 658-9685 facsimile
                             pcwhalen@gmail.com

                             **JONES WARD PLC**
                             Jasper D. Ward IV
                             Alex C. Davis
                             Marion E. Taylor Building
                             312 S. Fourth Street, Sixth Floor
                             Louisville, Kentucky 40202
                             Tel. (502) 882-6000
                             Fax (502) 587-2007
                             jasper@jonesward.com
                             alex@jonesward.com

                             *Counsel for the Plaintiff and Proposed Classes*